LINDSEY, J.
Appellant Jose Reyes appeals a judgment and sentence for one count of burglary of an unoccupied structure and three counts of aggravated animal cruelty entered following his conviction by a jury of his peers. Reyes was arrested after police found him sitting behind the wheel of a truck near a farm in Hialeah Gardens as Robel Morales loaded three dead sheep into the back of the truck. Reyes contends his convictions for aggravated animal cruelty must be reduced to misdemeanor animal cruelty because the State presented no evidence at trial that the sheep were killed in a cruel or unnecessarily painful manner. Because this is not the case, we disagree, and affirm.
Section 828.12(2), Florida Statutes (2018), states that "[a] person who intentionally commits an act to any animal, ... which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, commits aggravated animal cruelty, a felony of the third degree ...." (Emphasis added). Although a plain reading of the statute requires only evidence of either a cruel death or unnecessary pain or suffering, there was competent, substantial evidence introduced at trial to establish that the three sheep abducted from their owner's barn experienced both. See Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002) ("Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence.").
The first officer to arrive at the crime scene testified that the sheep had one to two three-inch stab wounds around their belly areas. He further testified that the animals were still warm to the touch and that a knife with fresh blood on it was found in Reyes's vehicle. A photograph of the knife was admitted into evidence.
A second officer who arrived at the crime scene shortly after the first officer testified that all the sheep had puncture and slice wounds to the chest area. He further testified the sheep had blood on them, were still warm, and that the blood pattern on the sheep indicated that they had been dragged to the vehicle. The officer also testified that the knife recovered from the vehicle had fresh blood on it.
The sheep's owner, who arrived thereafter, testified that she had left the sheep in their stalls on the night in question. In addition, she testified the stalls were "a long way" from where the officers found the sheep carcasses as "you have to walk more than halfway down the property." The owner further testified that makeshift barricades had been constructed out of boards and blocks to lead the victim sheep out of their stalls without them running away. When the owner saw the dead sheep, she "straightened out their feet" because they were "crumbled up." She testified she was only able to closely examine the carcass of the largest sheep, which she *1211 described as "broken up," having been stabbed, slashed, and dragged.
The evidence is sufficient to establish that three sheep, stabbed or slashed multiple times with a knife and then dragged from a barn on private property to Reyes's truck, suffered cruel deaths and suffered excessive or repeated infliction of unnecessary pain or suffering. See § 828.12(2), Fla. Stat. (2018) ; Hynes v. State, 1 So. 3d 328, 330 (Fla. 5th DCA 2009) (Griffin, J. concurring specially) (explaining that no expert testimony is necessary to sustain a felony conviction under the animal cruelty statute when an animal's pain and suffering is a matter of common sense).
Affirmed.